IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANNY K. ROWE                                                                               PLAINTIFF

vs.                              Civil No. 3:16-cv-03077-BAB

NANCY A. BERRYHILL                                             DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Danny K. Rowe ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications for DIB and SSI on November 14, 2012.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

(ECF No. 9, p. 15). In his applications, Plaintiff alleges being disabled due to epileptic seizures and scar tissue on his back. (ECF No. 9, p. 228). Plaintiff alleges an onset date of May 3, 2011. (ECF No. 9, pp. 15, 224). This application was denied initially and again upon reconsideration. (ECF No. 9, pp. 63-106).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (ECF No. 9, pp. 125-26). Plaintiff's administrative hearing was held on August 15, 2014, in Fort Smith, Arkansas. (ECF No. 9, pp. 31-62). Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. §§ 404.1563(d), 416.963(d). (ECF No. 9, p. 39). As for his level of education, Plaintiff earned a high school diploma. *Id.*

After this hearing, on March 20, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 9, pp. 12-25). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014. (ECF No. 9, p. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 3, 2011, his alleged onset date. (ECF No. 9, p. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: a history of burns (NOS); epilepsy; hepatitis c, and; squamous cell carcinoma status post-surgery. (ECF No. 9, pp. 17-18, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 9, pp. 18-19, Finding 4).

2

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 9, pp. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except [Plaintiff] can sit for 6 hours out of an eight-hour workday and can stand and/or walk for 6 hours out of an eight-hour workday; and [Plaintiff] must avoid even moderate exposure to hazardous machinery and unprotected heights.

*Id.*

The ALJ then determined Plaintiff was able to perform his Past Relevant Work ("PRW") as a retail manager as actually and generally performed. (ECF No. 9, pp. 24-25, Finding 6). Because Plaintiff could perform his PRW, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from May 3, 2011, through March 20, 2015, the date of the ALJ's decision. (ECF No. 9, p. 25, Finding 7).

Thereafter, on April 3, 2015, Plaintiff requested a review by the Appeals Council. (ECF No. 9, p. 10). The Appeals Council denied this request on April 25, 2016. (ECF No. 9, pp. 5-8). On June 21, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on June 22, 2016. (ECF No. 6). This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

3

support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

3. **Discussion:**

In his appeal brief, Plaintiff raises a single argument for reversal: the ALJ's RFC determination is not supported by substantial evidence as it fails to adequately account for Plaintiff's susceptibility for unpredictable seizures and further fails to consider all of his impairments in combination, particularly his progressively worsening skin ulcers and squamous cell carcinoma. (ECF No. 12).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue*, 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir.

5

2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

First, Plaintiff specifically argues the ALJ failed to consider Plaintiff's impairments in combination. The ALJ specifically considered Plaintiff's impairments in combination where the ALJ determined Plaintiff's combination of impairments did not meet or medically equal the severity of one of the impairments in the Listings and when the ALJ made his RFC determination, "[having] considered all symptoms." (ECF No. 9, p. 19); *see* Hajek v. *Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (ALJ properly considered combined effects of a claimant's impairments where ALJ determined the claimant did not have an impairment or combination of impairments that rendered him disabled as defined by the Act); *see also Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1993) (ALJ properly considered combined effects of a claimant's impairments where ALJ separately discussed claimant's physical impairments, mental impairments, complaints of pain, and daily activities). I note that in formulating Plaintiff's RFC, the ALJ fully summarized all of Plaintiff's medical records and separately discussed each of his alleged impairments. Based on the ALJ's synopsis of Plaintiff's medical records and discussion of each of his alleged impairments, I conclude that the ALJ properly considered the combined effects of Plaintiff's impairments, even those which the ALJ determined were non-severe. *see Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir. 2011).

Next, Plaintiff argues the ALJ erred in determining he was capable of performing work at the medium exertion level. The ALJ assessed Plaintiff's credibility of Plaintiff's subjective complaints and determined his statements regarding the nature and extent of his symptoms were not entirely credible. Plaintiff does not challenge the ALJ's assessment of Plaintiff's credibility. Nor does

6

Plaintiff challenge the weight the ALJ gave to the consultative examiners and non-examining State agency consultants. The non-examining State agency consultants concluded Plaintiff's medically determinable impairments were non-severe. (ECF No. 9, pp. 63-106). Nevertheless, the ALJ gave more weight to consultants who had an opportunity to physically examine Plaintiff and gave the non-examining State agency consultants' opinions little weight. The ALJ gave substantial weight to the opinion of Dr. Tait, who stated the following:

> Based on today's examination and the objective evidence, I believe [Plaintiff] should be able to sit, walk, and/or stand for a full workday. He should be able to lift/carry objects without limitations. He can hold a conversation, respond appropriately to questions, carry out and remember instructions.

(ECF No. 9, p. 414). Nevertheless, the ALJ further limited Plaintiff to work at the medium exertion level due to Plaintiff's Hepatitis C and squamous cell carcinoma impairments. (ECF No. 9, p. 24).

The ALJ's RFC determination must be based on *all* relevant evidence in the record, not simply one consulting physician's opinion, despite the weight the ALJ affords the opinion. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). I note that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of many treating physicians, specialists, examining consultants, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); *Prosch v. Apfel*, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Finally, Plaintiff argues the ALJ's RFC determination that Plaintiff must avoid "even

7

moderate exposure to hazardous machinery and unprotected heights," was not strict enough due to Plaintiff's seizure disorder. Plaintiff's argument is unavailing, however, because even if the ALJ limited Plaintiff to no exposure to hazardous machinery and unprotected heights due to Plaintiff's seizure disorder, the ALJ determined Plaintiff could return to his PRW as generally performed. (ECF No. 9, pp. 24-25). The VE testified at the administrative hearing that Plaintiff's PRW was classified as a retail manager, which has a *Dictionary of Occupational Titles* ("DOT") code of 185.167-046 and is classified as light work. (ECF No. 9, p. 57). The DOT entry for Plaintiff's PRW as a retail manager does not require exposure high exposed places or moving mechanical parts as environmental conditions, nor does the entry require climbing or balancing. *Dictionary of Occupational Titles* § 185.167-046, 1991 WL 671299. Therefore, even if the ALJ further restricted Plaintiff's RFC as requested by him, the resulting RFC would not preclude performance of Plaintiff's PRW as generally performed.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of May 2017.**

> /s/  Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE